UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HALLMARK INSURANCE COMPANY,<br>Plaintiff<br><br>vs.<br><br>GAIL HOEFERT and AARON HOEFERT,<br>as Personal Representatives of the ESTATE<br>OF ANDREW JOSEPH HOEFERT; GAIL<br>HOEFERT and KERRY HOEFERT, as Legal<br>Guardians of B.E.H. (minor) and C.T.H.<br>(minor); KEVIN TYCZ, as Personal<br>Representative of THE ESTATE OF<br>JENNIFER CHRISTINE HOEFERT; ERIC J.<br>LUPKES; LOGAN HEALTH, d/b/a LOGAN<br>HEALTH MEDICAL CENTER; PARTNERS<br>UNITED FOR LIFE SAVING EDUCATION,<br>d/b/a JEFFERSON VALLEY EMS &<br>RESCUE; SCL HEALTH MEDICAL<br>GROUP-BUTTE, LLC; De SMET<br>INSURANCE COMPANY OF SOUTH<br>DAKOTA; and FEDEX CORPORATION,<br>Defendants | 4:22-cv-4069<br><br><br>MEMORANDUM AND<br>ORDER DENYING<br>MOTION FOR ATTORNEY<br>FEES AND COSTS |

Pending before the Court is a motion for attorney fees, costs, and South

Dakota sales tax filed by Hallmark Insurance Company. (Doc. 54). The Hoefert

Estates have objected to the award, (Doc. 58), and Hallmark has replied. (Doc. 60).

Having considered the submissions and arguments of the Parties, the Court denies

the motion for attorney fees, costs, and sales tax.

1

## BACKGROUND

In the early morning hours of July 31, 2021, the Hoefert Family—Jennifer, Andrew, Jennifer's daughter, and the two young children of Jennifer and Andrew-- were traveling on Interstate-90 in rural Montana.  The driver of a Chevrolet Suburban crossed the center line, striking the Hoeferts' rental car, and killing himself and all occupants of the Hoefert car except the two young children.  In addition to becoming orphans and losing their older sister, the two youngest children were seriously injured and are currently under the guardianship of Gail Hoefert and Kerry Hoefert.

Plaintiff Hallmark insured the tortfeasor and filed this interpleader action to determine the liability of the insurance companies toward the survivors.  Hallmark tendered $50,000, the amount of coverage in its policy.  Two other insurance companies are involved.  National Casualty insured the rental car occupied by the Hoefert Family, which carried coverage of $50,000 that has been tendered to the Court.  De Smet was the insurance company of the Hoeferts, who had an underinsured motorist (UIM) policy of $500,000.  De Smet has tendered $400,000 to the Court in satisfaction of the Hoefert Estates' claims.

Plaintiff Hallmark Insurance Co. initiated this interpleader action in an effort to resolve the question of allocation of the resources available to compensate the Hoefert Estates.  See 28 U.S.C. §§ 1335, 1397, and 2361.  Counsel for the Hoefert

Estates argues the interpleader was unnecessary due to his efforts to resolve the case, and objects to the award of attorney fees. (Doc. 58-1). The remaining two insurance companies—DeSmet and National Insurance—have not responded to Hallmark's motion for fees in the amount of $17,782.50 and costs of $689.36.

**LEGAL STANDARD**

Because the interpleader statutes do not prescribe whether or how to award attorney fees in an interpleader action, courts recognize that the award of fees and costs is a matter of the court's discretion. *Western-Southern Life Assur. Co. v. Lee*, 2015 WL 2124753, *3 (E.D. Mo. May 6, 2015); *Hearing v. Minn. Life Ins. Co.*, 33 F.Supp.3d 1035, 1042 (N.D. Iowa 2014); *Amer. Life Ins. Co. of N.Y. v. Karnes*, 2007 WL 4365732, *3 (W.D. Mo. Dec. 11, 2007); *Unum Life Ins. Co. of America v. Kelling*, 170 F.Supp.2d 792, 794 (M.D. Tenn. 2001). The courts have long held that a fee in an interpleader action should be "modest." *Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir 1940). See also *State Farm Life Insurance Co. v. Avila*, 2018 WL 3460406, *1-2 (S.D. Iowa Mar. 16, 2018); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1719 (3d ed. 1998, updated April 2023). If attorney fees are awarded, they should relate to "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *U.S. Bank Nat'l Assn. v. Beck*, 2022 WL 112154, *2 (E.D. Mo. Jan. 12, 2022)

(citing *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d

415, 426-27 (9th Cir. 2000)).  Legal work done "to protect the interest of the

stakeholder and research its liability, or to update the client regarding the status of

the case" may not be compensated. *Id.*, at *4 (citing *Texas Life Ins. Co. v.

Packman*, 2014 WL 1400182, *2 (E.D. Mo. April 10, 2014)).

     In exercising discretion, district courts recognize that the burden of proof to

obtain fees and costs is on the movant. *Lee*, 2015 WL 2124753, at *3; *Protective

Life Ins. Co. v. Kridner*, 2013 WL 1249205, *5 (D. Minn. Mar. 27, 2013).  Any fee

requested must be reasonable. *Kridner*, 2013 WL 1249205, at *4.  Itemized billing

records with redactions must be sufficient to enable the court to award a reasonable

fee.  *Id.* at *5.  As the *Kridner* court stated, "redacted entries must be excluded if

they do not provide sufficient information to classify and evaluate the activities and

hours expended." *Id.* (citing *Randolph v. Dimension Films*, 634 F.Supp.2d 779,

800 (S.D. Tex. 2009)).  Furthermore, "uncertainties in a fee application due to

nonspecific entries are resolved against the applicant." *Id.* (quoting *In re OEM

Indus. Corp.*, 135 B.R. 247, 251 (Bankr. W.D.Pa. 1991)).

     In addition, courts often consider several factors to determine whether the

fee request by an insurance company in an interpleader action should be granted.

*Kelling*, 170 F.Supp.2d at 794.  First, courts assess whether the initiation of an

interpleader action is an activity in the insurance company's "ordinary course of

business." *Minnesota Life Ins. Co. v. Alexander*, ___ F. Supp.3d___, 2023 WL 6290820, *4 (E.D. Va. Sept. 25, 2023); *Lee*, 2015 WL 2124753, at *2; *Metropolitan Life Ins. Co. v. Mitchell*, 966 F.Supp.2d 97, 104 (E.D. N.Y. 2013). Second, courts may consider that the insurance company is an interested stakeholder, and filing the interpleader action immunizes the company from further liability under a contested policy. *Kelling*, 170 F.Supp.2d at 794; *Mitchell*, 966 F.Supp.2d at 105. Third, courts may preclude recovery of fees and costs by an insurance company because an award would unnecessarily deplete the fund that is the subject of the interpleader action. See, e.g., *Tise*, 234 F.3d at 427; *Allstate Life Ins. Co. v. Shaw*, 2016 WL 1640461, *6 (E.D. Mich. April 2, 2016); *Unum Life Ins. Co of America v. Scott*, 2012 WL 233999, *3 (D. Conn. Jan. 24, 2012).

**ANALYSIS**

As noted above, the party who moves for attorney fees and costs has the burden of proof that the fees are appropriately awarded, and that they cover only expenses such as preparation of the complaint, obtaining service of process, and preparing the order dismissing the party from the action. It is not appropriate for a court to award fees, for example, for an insurance company's consultations with its client.

In the case at bar, counsel for Hallmark submitted 39 pages of billing records to support its claim for $17,782.50 in attorney fees, billed at the rate of $195 per

hour for partners and $150 per hour for associates, and costs of $689.36. (Doc. 54, PgID 304-05; 54-1, PgID 308-46). Although the hourly rates are reasonable, the number of redactions in the billing records render it impossible for the Court to determine what the requested attorney fee covers. As an example selected at random, an entry on one of the 39 pages lists nine entries, with six redacted. (Id., PgID 342). Typical of the entries are "analysis of REDACTED" billed at $39.00; "receipt of email from attorney for REDACTED" billed at $19.50; and "receipt of email from REDACTED" billed at $19.50. (Id.). It may well be that these are legitimate attorney fees, but the submission is inadequate to provide the Court with any basis to award fees and costs. Furthermore, some of the entries are clear in representing activities which may not be compensated, such as discussions with counsel's client. (Id., PgID 331, 332, 335).

The Court finds that Plaintiff's counsel has failed to provide sufficient documentation that the requested fees are properly awarded, and denies the motion for attorney fees of $17,782.50, costs of $689.36, and South Dakota sales tax of $1004.13. Even if the attorney fees were sufficiently documented, the Court would not allow attorney fees in this case.

Additional justifications exist for the Court's denial of attorney fees and costs. Counsel is the attorney for Hallmark Insurance Co., which issued a policy to the deceased tortfeasor in this case. Initiation of an interpleader action to enable an

insurance company to determine and satisfy its obligations is part of the "ordinary course of business" for the company. In this case, counsel's actions were in the "ordinary course of business" for Hallmark and the Court denies the fees on that basis.

Finally, as noted above, Hallmark Insurance Company issued a $50,000 policy implicated in this case. National Insurance Company also issued a policy in that amount, while DeSmet issued an underinsured motorist policy. The total amount that these insurance companies will pay to the two minor survivors of the accident is $500,000. In its ruling on the motion for summary judgment, the Court found the $500,000 did not fully compensate the surviving minor children. Hallmark's motion for attorney fees and costs amounts to almost 40 percent of the policy it issued. Certainly, the percentage is lower when the entire amount of the insurance payments is considered, but the amount requested is a significant proportion of the policy amounts. For this additional reason, the Court denies Hallmark's request for attorney fees to be deducted from the payments the minor children will receive.

## CONCLUSION

Plaintiff's counsel has moved for attorney fees, costs, and sales tax payments to be deducted from the pool of funds that will be provided to the two minor survivors of an accident which resulted in the deaths of their parents and half-

sister, and in serious injuries to them. The Court denies the motion based on

insufficient support for the compensation requested. The Court denies the motion

for the additional reasons that an award of this amount significantly depletes the

fund from which the children will be paid and is unwarranted because the

interpleader action arose in the ordinary course of Hallmark's business.

Accordingly, IT IS ORDERED that Hallmark Insurance Company's motion

for attorney fees, costs and sales tax expenses is denied.

Dated this 12th day of February, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK